NUMBER 13-02-015-CV AND 13-02-215-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
FORD MOTOR COMPANY,                                                          Appellant,
v.
EDMOND OCANAS,                                                                      Appellee.



On appeal from the 28th District Court
of Nueces County, Texas.


 
 
 O P I N I O N O N M O T I O N F O R R E H E A R I N G 

     Before Chief Justice Valdez and Justices Rodriguez and Dorsey



                            Opinion by Chief Justice Valdez
          Appellee has filed a motion for rehearing in cause number 13-02-015-CV. After
reviewing the motion and our original opinion, we find the motion for rehearing should be
denied, but that two corrections should be made to our original opinion in cause numbers
13-02-015-CV and 13-02-215-CV. Ford Motor Co. v. Ocanas, Nos. 13-02-015-CV & 13-02-215-CV, 2004 Tex. App. LEXIS 3630, at *9-*14 (Tex. App.–Corpus Christi April 22,
2004, no pet. h.). 
          The last sentence of the first paragraph under subheading “1. Predominance”
states “[w]e consider appellee’s claims for breach of express and implied warranties and
violations of the DTPA to determine whether appellee demonstrated that common issues
of law or fact predominate. See Henry Schein, Inc., 102 S.W.3d at 693.” This description
is not correct. Accordingly, the last sentence of that paragraph is ordered changed to:
We consider appellee’s claims for breach of express warranties and
violations of the DTPA to determine whether appellee demonstrated that
common issues of law or fact predominate. See Henry Schein, Inc., 102
S.W.3d at 693.
 
          In the first sentence of the third paragraph under the subheading “a. Express
Warranties and DTPA Violations,” we stated “[l]ike the plaintiffs in Henry Schein, Inc.,
appellees pleaded breach of express and implied warranties and DTPA ‘laundry list’
violations which require each class member to prove reliance as a prerequisite to
recovery.” Because reliance is not a required element to recover for breach of implied
warranties, this sentence is ordered changed to:
Like the plaintiffs in Henry Schein, Inc., appellees pleaded breach of express
warranties and DTPA “laundry list” violations which require each class
member to prove reliance as a prerequisite to recovery. 
 
          Appellee’s motion for rehearing is denied.










 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Opinion delivered and filed
this 15TH day of July, 2004.